UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE EMPLOYMENT RECORDS OF  )
JOHN DOES EMPLOYED BY        )   No. 4:17MC238 RLW
SHARPE HOLDING, INC.,        )

**MEMORANDUM AND ORDER**

This miscellaneous matter is before the Court on Secretary of Labor R. Alexander Acosta's Application for Order Authorizing the Disclosure of Patient Records (ECF No. 1). The application is fully briefed and ready for disposition. Upon review of the application and related pleadings, the Court will deny movant's Application for Order Authorizing the Disclosure of Patient Records.

**I. Background**

Sharpe Holdings, Inc. ("Sharpe") is located in Bethel, Missouri and operates numerous businesses, including CNS International Ministries, Inc. ("CNSIMI") (collectively "Heartland"). CNSIMI is a Missouri nonprofit corporation that provides full-time residential services to men, women, and children with behavioral problems or alcohol or drug dependencies. The Heartland Men's Recovery Program ("Recovery Program") run by CNSIMI is the program at issue in this miscellaneous action. As part of treatment, participants in the Recovery Program work for and are paid by one of Sharpe's for-profit businesses. In late 2016, a former Recovery Program participant complained to the St. Louis Wage and Hour Division of the Department of Labor ("WHD") that the Recovery Program did not pay for overtime or off-the-clock work; held the money earned by participants and only gave access to a small portion; and only gave 25 percent of earnings to participants who left the program before the expiration of the twelve-month commitment. The Secretary of Labor ("Secretary") seeks records and interviews of Recovery

Program employees and participants. The Recovery Program objects on the basis that disclosure of the program participants' identities is confidential, and the Secretary is unable to demonstrate good cause for such disclosure.

## II. Discussion

Under federal law, "[r]ecords of the identity . . . of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse . . . treatment . . . which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall . . . be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section." 42 U.S.C. § 290dd-2(a). Disclosure is permitted only by prior written consent of the patient or "by an appropriate order of a court of competent jurisdiction . . . after application showing good cause therefor . . . ." 42 U.S.C. § 290dd-2(b)(2)(C). The court weighs the public interest and need for disclosure against any injury to the patient and the treatment services. *Id.* In addition, should the court grant such order disclosing patient identity, the court "shall impose appropriate safeguards against unauthorized disclosure." *Id.*

In support of its request for disclosure of the identities of past and present Recovery Program participants, the Secretary asserts that without the identities WHD would be unable to investigate what it believes to be organizational-wide, systematic violations of the FLSA. The Secretary argues that good cause exists due to the importance of protecting workers from labor violations. Heartland, on the other hand, contends that the Secretary is unable to demonstrate the requisite good cause for the disclosure of participants in the Heartland Recovery Program. The Court agrees with Heartland that disclosure of patient records is not warranted.

While the Court recognizes that the purpose of the FLSA is to protect employees from wage and hour abuses, the Court notes that substance abuse treatment is a sensitive matter, particularly where the patient is admitted into a long-term residential program. The Secretary contends that WHD seeks the information under 42 C.F.R. § 2.66 to investigate a part 2 program. The Court notes that to obtain an order authorizing disclosure, the Secretary must demonstrate that other ways of obtaining the information are not available or would not be effective and the public interest and need for the disclosure outweigh the potential injury to the patient. 42 C.F.R. § 2.64(d).

Here, the Secretary presents no case law addressing the disclosure of the identities of patients in a substance abuse treatment program. However, courts have noted that in enacting § 290dd-2, "Congress felt that 'the strictest adherence' to the confidentiality provision was needed, lest individuals in need of drug abuse treatment be dissuaded from seeking help." *Ellison v. Cocke Cty., Tenn.*, 63 F.3d 467, 471 (6th Cir. 1995); *Fannon v. Johnston*, 88 F. Supp. 2d 753, 757 (E.D. Mich. 2000); *Mosier v. Am. Home Patient, Inc.*, 170 F. Supp. 2d 1211, 1213 (N.D. Fla. 2001). As stated by Heartland, work is an integral part of rehabilitation. Disclosing the identities of participants in the Recovery Program and allowing WHD to gain access to their employment records and interview such participants would eliminate the confidentiality of Heartland's substance abuse program. Further, such disclosure would likely discourage those in need of substance abuse treatment from entering the Recovery Program. *See U.S. ex rel. Chandler v. Cook Cty., Ill.*, 277 F.3d 969, 981 (7th Cir. 2002) ("It is not only the privacy rights of individual patients that are at stake here, but also the continued effectiveness and viability of important substance abuse treatment programs. . . . Patients will be less willing to seek treatment if patient confidentiality is not strictly protected."); *Whyte v. Conn. Mut. Life Ins. Co.*, 818 F.2d

3

1005, 1010 (1st Cir. 1987) ("Without guarantees of confidentiality, many individuals with [substance abuse] problems would be reluctant to participate fully in [substance abuse] programs.").

Additionally, to the extent that the Secretary seeks information regarding the employment practices of the Recovery Program, the Secretary has failed to demonstrate that the identities of participants is critical to investigating possible FLSA wage and hour violations. Heartland has offered to submit redacted employment records, but the Secretary has refused such offer. Other than the bare assertion that redacted records would be insufficient and ineffective, the Secretary has failed to support such assertion, especially where no FLSA case has been filed and WHD has not examined the complainant's or any other Recovery Program participant's records. Further, as stated above, the Secretary has failed to demonstrate that WHD's need for the identities of past and present Recovery Program patients outweighs the injury of violating patient privacy. 42 C.F.R. § 2.64(d). Therefore, the Court will deny the Secretary's Application for Order Authorizing the Disclosure of Patient Records.

Accordingly,

**IT IS HEREBY ORDERED** that the Application for Order Authorizing the Disclosure of Patient Records (ECF No. 1) is **DENIED.**

Dated this 20th day of December, 2017.

/s/ Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

4